## CIRCUIT COURT OF LOUDOUN COUNTY

Mark R. Corrigan et al.

v.

A. C. Baird et al.

Case No. (Law) 17282

BY JUDGE THOMAS D. HORNE

March 11, 1996

This case is before the Court on the demurrers of the defendants to the Motion for Judgment. Plaintiffs seek to hold the various defendants liable for damages based upon conduct which they suggest is both tortious and violative of their contractual obligations. Plaintiffs are Mark R. Corrigan and two business entities of which Mr. Corrigan is principal officer and stockholder: Chesapeake Classics, L.L.C., t/a Williams and Sons, a Maryland Limited Liability Company, and Virginia American Management Company, t/a Harper's Ferry Arms Co., a Virginia Corporation. The thirty-one individual originally-named defendants have at one time or another had a relationship to the corporate defendant, North-South Skirmish Association, Inc. Certain of the defendants have been nonsuited from the case.

The pleadings suggest that North-South Skirmish Association, Inc., is involved in the sponsoring of marksmanship competitions. Individuals participating through member organizations are required to use firearms, or parts thereof, such as those manufactured and sold by Williams and Sons and Harper's Ferry Arms Co. Mark R. Corrigan submits that, while he no longer participates in events sponsored by North-South, his inability to participate has resulted from misconduct of the Association and various persons active in its affairs. The defalcations and acts of misconduct for which the plaintiffs seek

damages are characterized by a breach of contract and tortious interference with the business of the various plaintiffs.

The four counts of the Motion for Judgment relate to various incidents which have occurred over the last twenty years.

Count I is concerned with certain action taken by the Board of Directors of the North-South Skirmish Association in 1993. Several of the named defendants were members of the Board at that time. Plaintiffs suggest that the individual defendants named in Count I, acting with malice and with the intent to injure Corrigan and Williams, caused the North-South Skirmish Association to deny approval for a gun barrel manufactured by Williams. Approval of the barrel was a prerequisite to its integration into firearms used by members at competitive matches sponsored by the corporate defendant. Corrigan and Williams contend that they lost business as a result of such action by the individuals involved in the denial of the approval of the barrel.

Count II of the Motion for Judgment alleges tortious interference with the business of Corrigan, Williams, and Harper's Ferry by certain of the individual defendants who, they suggest, participated in fabricating and acting upon a charge of cheating leveled against Mr. Corrigan by the North-South Skirmish Association. The cheating charge, and subsequent disciplinary action taken against Corrigan by the Board of Directors of the Association, arose out of a marksmanship activity in which Mr. Corrigan participated in the summer of 1992. Because of the relationship of Corrigan to Williams and Harper's Ferry and of the good standing of Mr. Corrigan among his peers, the plaintiffs claim that the unfounded cheating charge and subsequent actions of the Association adversely affected the good will, standing, reputation, credit, and property of all three plaintiffs.

In Count III, the Plaintiffs contend that certain of the individual defendants and the North-South Skirmish Association breached an agreement reached with Mr. Corrigan in 1976 in the settlement of a suit between Corrigan, Harper's Ferry, and the Association. At issue is the action of the Association in sanctioning Mr. Corrigan subsequent to his having been informed that he had "satisfied" the penalties imposed by a disciplinary panel created pursuant to the agreement. The subsequent sanction involved the deletion of certain points accumulated by Mr. Corrigan in his pursuit of the highest accolade of the Association, the Distinguished Skirmish Shooter Award. Plaintiffs assert that the defendants breached their agreement when they elected to impose an additional sanction to that which both parties had agreed to accept many years earlier, all to his injury and damage.

Lastly, in Count IV of the Motion for Judgment, the Plaintiffs contend that the actions of the Directors of North-South in banning him from future

competitions of the Association and in stripping him of the points necessary to attain the Distinguished Skirmish Shooter Award have injured the business relationship of the various plaintiffs with the skirmishers who participate in Association activities. They suggest that the injury caused to the reputation of Mr. Corrigan and its resultant effect upon the good will of the corporate plaintiffs constitutes a compensable claim for lost profits. Because he has been wrongfully barred from future activities of the Association, Mr. Corrigan contends that he can no longer maintain the kind of personal relationship necessary to the carrying on of the business of Williams and Harper's Ferry.

Three of the counts of the Motion for Judgment are founded upon a theory of recovery styled "Tortious Inference with … Business." A fair reading of the pleadings would lead one to believe that what plaintiffs seek is to recover for a tortious interference with past contractual relations or a business expectancy. The Supreme Court has outlined the elements of such tort as:

> (1) the existence of a valid contractual relationship or business expectancy;
> (2) knowledge of the relationship or expectancy on the part of the interferer;
> (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and
> (4) resultant damage to the party whose relationship or expectancy has been disrupted.

*Chaves v. Johnson*, 230 Va. 112, 120 (1985) (authority omitted). In the case of a contract terminable at will, the plaintiff must demonstrate in addition that improper methods were used. *Duggin v. Adams*, 234 Va. 221 (1987). Malice is not a requisite element of the claim. *Chaves, supra*, at 121. The tort is:

> an intentional wrong to the property rights of another, accomplished by words, not defamatory in themselves, but employed in pursuance of a scheme designed wrongfully to enrich the speaker at the expense of the victim.

*Id.* at 122.

In addition, a cause of action for interference with a prospective business or economic advantage exists, even though no breach of contract has occurred. The Supreme Court has enumerated the elements of that tort as:

(1) the existence of a business relationship or expectancy, with a probability of future economic benefit to [the] plaintiff;

(2) defendants's knowledge of the relationship or expectancy;

(3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy; and

(4) damage to the plaintiff.

*Glass v. Glass*, 228 Va. 39, 52 (1984) (citation omitted).

The Motion for Judgment should clearly identify which of the possible theories of recovery the plaintiffs intend to rely upon in Counts I, II, and IV and then allege sufficient facts to justify recovery as to the named defendants.

As presently drafted, the Motion for Judgment contains vague allegations which fail to address the elements necessary to recovery for a tortious interference with a valid contractual relationship, business expectancy, or economic advantage. More importantly, the pleading fails to put the various defendants on notice of the precise nature of the claims asserted against them. Rule 1:4(d), Rules of the Supreme Court of Virginia. Accordingly, the Court will sustain the Demurrer with respect to Counts I, II, and IV, with leave granted to the plaintiffs to replead all or a portion of such counts as to those defendants not heretofore nonsuited from the case within twenty-one days of the entry of the Order reflecting the findings contained in this letter opinion. To the extent that plaintiffs rely upon the theory of transferred intent to support their claims against certain of the defendants, the demurrer of those defendants is specifically sustained.

The Defendant's demurrer to Count III of the Motion for Judgment is sustained. As pleaded, the claimants fail to assert any provision of a contract that relate to the bestowing of the Distinguished Skirmish Shooter Award or of the points necessary to the attainment of such award. Defendant will be granted leave to replead Count III although the Court makes no finding with respect to the standing of Harper's Ferry to assert a claim for breach of contract. It would appear that defendant's argument on demurrer to such claim as is found in the instant Motion for Judgment is well taken.

June 28, 1996

The Court has reviewed the pleas in bar and the demurrers filed to the Amended Motion for Judgment. Based upon a review of the pleadings, the Court will overrule the pleas in bar and demurrers filed in response to the

Amended Motion for Judgment. The issues raised by the pleadings cannot be resolved on the present record.

It should be noted, however, that Mr. Corrigan would be collaterally estopped from raising certain of the issues addressed in Counts II and III, except as to the defendants Brooks and Morris. As presently pleaded, determination of these issues does not render the instant claims subject to dismissal at this stage of the proceedings.

### January 23, 1998

Defendants seek dismissal, with prejudice, of Plaintiffs' claims against them. Rule 4:12(b)(2)(C), Rules of the Supreme Court of Virginia. In addition, they request monetary sanctions be assessed against plaintiffs and their prior counsel, Leming, Healy, Levy, and Saller. § 8.01-271.1, Code of Virginia.

By Order entered on December 31, 1997, this Court denied defendant's Motion to Dismiss Counts II and III of a three-count Amended Motion for Judgment. However, as plaintiffs had failed to provide the discovery previously requested, the Court directed that the plaintiff Mark Corrigan serve full and complete responses to interrogatories and produce all requested documents prior to 5:00 p.m. on Friday, January 9, 1998. In addition, the Court ordered that Mr. Corrigan pay to counsel for the defendants the sum of $400.00 as a sanction for his failure to provide timely discovery responses. Rule 4:12(d), Rules of the Supreme Court of Virginia.

As noted earlier, the Plaintiffs seek recovery in a three-count Motion for Judgment. The plaintiffs are Mark R. Corrigan and Chesapeake Classics, L.L.C., t/a R. Williams and Son. In their papers filed in support of the instant Motion for Judgment, defendants contend that Mr. Corrigan is the "alter ego" of the corporate plaintiff. Based upon the continuing failure of either of the parties plaintiff to make timely discovery in the case, the defendants are entitled to have the Amended Motion for Judgment dismissed against them with prejudice. Rule 4:12(b)(2)(C), Rules of the Supreme Court of Virginia.

The Motion for Judgment and Amended Motion for Judgment were signed by counsel for the plaintiffs. Count I relates to a claim by Chesapeake Classics, L.L.C., t/a R. Williams and Son, to recover damages for tortious interference with its contract rights. In Counts II and III, Mr. Corrigan seeks damages for breach of contract and tortious interference with contract rights. In their Motion for Sanctions, the defendants seek relief against not only counsel who filed the pleadings on behalf of their client but Mr. Corrigan and Chesapeake. Defendants' motion for sanctions relates to the allegations contained in Count I of Plaintiffs' claim.

Pursuant to § 8.01-271.1, Code of Virginia, the Court may sanction the attorney signing the pleading as well as the represented party for conduct which is violative of its provisions. Thus, an attorney or party is required to adhere to the directives that:

> [t]he signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The Court is of the opinion that the instant record does not support an award of sanctions pursuant to § 8.01-271.1, Code of Virginia, against either the law firm of Leming, Healy, Levy & Saller or Mr. Corrigan as a result of having initiated the claim contained in Count I. Although the defendants would have the Court "pierce the corporate veil" of the corporate plaintiff in order to assess sanctions for the filing of Count I against Mr. Corrigan, the Court declines to do so. A plain reading of the statute limits consideration of the sanctions requested here to the person signing the paper or a represented party. Mr. Corrigan is not a party to the claim contained in Count I.

However, an award of sanctions against Chesapeake Classics, L.L.C., is warranted. As the defendants have noted in their papers, certain of the allegations contained in the Motion for Judgment and in the Amended Motion for Judgment were not factually correct, i.e., that Chesapeake Classics, L.L.C., was a legal entity entitled to recover. However, as the Court indicated, *supra*, while facts are alleged which are incorrect or misleading, it is the opinion of the Court that the firm of Leming, Healy, Levy & Saller made a reasonable inquiry prior to the filing of the pleading so as to withstand sanction. There is no evidence to support a conclusion that the law firm interposed this case for an improper purpose.

Accordingly, the Court will dismiss the instant Amended Motion for Judgment with prejudice and will award attorney's fees in an amount to be

determined against Chesapeake Classics, L.L.C. An award of sanctions against Mark R. Corrigan and the law firm of Leming, Healy, Levy & Saller is denied.